IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SHAVER TRANSPORTATION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) CIVIL ACTION NO. CV424-167 | |
| | ) | |
| ALLIED OCEAN TRANSPORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Shaver Transportation Company, ("Shaver"), Plaintiff in the above-styled action, files its Complaint showing the Court as follows:

PARTIES, JURISDICTION, AND VENUE

1. Shaver is a corporation duly organized under the laws of the State of Oregon. Shaver's principal place of business is located in Portland, Multnomah County, Oregon.

2. Defendant Allied Ocean Transport, LLC ("Allied") is a limited liability company duly organized under the laws of the State of Georgia. Allied's principal place of business is located at 2977 Fort Morris Road, Midway, Georgia, 31320 and its registered agent is J. Allen Davis whose physical address is 2977 Fort Morris Road, Midway, Georgia 31320.

3. Upon information and belief, Allied's members are comprised of J. Allen Davis, Vadim Yegudkin, Justin Royal, and Coastal Marine Management LLC.

4. Upon information and belief, Vadim Yegudkin is a citizen of the State of Florida.

5. Upon information and belief, Justin Royal is a citizen of the State of Georgia.

6. Upon information and belief, Coastal Marine Management, LLC is a limited liability company organized under the laws of the State of Georgia and whose sole member is J.

1

Allen Davis.

7. Upon information and belief, J. Allen Davis, prior to his passing, was a citizen of the State of Georgia and resided in Liberty County, Georgia.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because Shaver is a citizen of the State of Oregon and Allied is a citizen of the states of Georgia and Florida, and the matter in controversy exceeds the sum of $75,000.00.

9. This Court also has personal jurisdiction over Allied because it is a citizen of the State of Georgia.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), (2).

11. Personal jurisdiction and venue are also proper under the terms of the contract giving rise to this lawsuit.

## STATEMENT OF FACTS

12. On or around April 19, 2023, Allied and Shaver entered in a Shipping Contract (the "Agreement") whereby Allied would transport the vessel, CAPT. STEVE from New Orleans, Louisiana to Victoria, British Columbia in exchange for a payment in the amount of $398,000. A true and correct copy of the Agreement is attached hereto as <u>Exhibit 1</u>.

13. In connection with the Agreement, Shaver paid Allied a deposit in the amount of $99,500.

14. Allied failed to transport the CAPT. STEVE and Shaver had to arrange for alternative transportation.

15. Allied also failed to return the $99,500 deposit paid by Shaver under the Agreement.

16. A material default has occurred under the Agreement by virtue of Allied's failure to transport the CAPT. STEVE and by virtue of failing to refund the $99,500 deposit to Shaver.

17. By letter dated January 3, 2024, sent by FedEx, by facsimile and by email, Shaver, through counsel, notified Allied, Yegudkin, and Maury Davis[1], of Allied's default and demanded return of the $99,500 deposit under the Agreement within seven (7) days from the date of the letter. A true and correct copy of the January 3, 2024, letter is attached hereto and incorporated herein as <u>Exhibit 2</u>.

18. Allied failed to respond to the January 3, 2024 demand letter or refund the $99,500 deposit under the Agreement.

19. By letter dated May 9, 2024, sent by UPS and by email, Shaver, through counsel, again notified Allied, Yegudkin, and Maury Davis, of the default and demanded return of the $99,500 deposit under the Agreement. A true and correct copy of the May 9, 2024 letter is attached hereto and incorporated herein as <u>Exhibit 3</u> (the January 3, 2024 letter and the May 9, 2024, letter are hereinafter referred to as "the Demand Letters").

20. Allied failed to respond to the May 9, 2024, demand letter or refund the $99,500 deposit under the Agreement.

## COUNT I - BREACH OF CONTRACT

21. Paragraphs 1 through 20 are adopted by reference.

22. Shaver and Allied entered into a valid and enforceable written Agreement, to which Allied was to provide the transportation related services on Shaver's behalf and Shaver agreed to pay Allied for its services

23. Shaver paid a deposit of $99,500 to Allied under the Agreement, but Allied failed to provide transportation services as agreed.

---

[1] Upon information and belief Maury Davis is the widow and surviving spouse of J. Allen Davis.

24. Allied's failure to perform under the Agreement constitutes a breach of contract.

25. Shaver is entitled to recover its $99,500 deposit as a result of Allied's breach of contract.

## COUNT II: MONEY HAD AND RECEIVED

26. Paragraphs 1 through 25 are adopted by this reference.

27. As described above, Allied has received a payment from Shaver in the amount of $99,500, which represents a deposit toward the transportation services Allied was to provide under the Agreement.

28. The deposit was made to Allied in good faith that it would provide the transportation services under the Agreement, and Allied would not be prejudiced by returning these funds to Shaver.

29. Allied in equity and good conscience should not keep the deposit.

30. Therefore, Shaver is alternatively entitled to recover its $99,500 deposit under a cause of action for money had and received.

## COUNT III: UNJUST ENRICHMENT
(Pleaded in the Alternative)

31. Paragraphs 1 through 30 are adopted by this reference.

32. In the event that Shaver and Allied had no legally binding contract, Shaver is entitled to recover on the theory of unjust enrichment.

33. Allied benefited from Shaver's deposit and has failed and refused to refund Shaver the amount owed.

34. Allied's failure to pay the amount due and owing Shaver has conferred an enrichment upon Allied for which it has not compensated Shaver.

35. Allied has been unjustly enriched in an amount not less than $99,500.

WHEREFORE, Shaver prays for judgment in its favor and against Allied as follows:

(a) Allied be served with summons and this complaint;

(b) Allied be found liable to Shaver in the amount of $99,500.

(c) Such other and further relief as the Court deems just and proper.

This 30th day of July, 2024.

                         ELLIS PAINTER

                         */s/Jason Pedigo*
                         Jason Pedigo
                         Georgia Bar No. 140989
                         Sophia E. Karnegis
                         Georgia Bar No. 706030
                         Attorney for Plaintiff

P.O. Box 9946
Savannah, GA 31412
(912) 233-9700
(912) 233-2281 (fax)
pedigo@ellispainter.com
skarnegis@ellispainter.com